# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JANET TUMMINIA,  ) | |
| ) | |
| Plaintiff,  ) | Case No.: 2:15-cv-02194-GMN-VCF |
| vs.  ) | |
| ) | **ORDER** |
| D.R. HORTON, INC., *et al.*,  ) | |
| ) | |
| Defendants.  ) | |
| ) | |

On July 6, 2016, the Court ordered that Defendants D.R. Horton ("D.R. Horton") and Marie Linford ("Linford") (collectively "Defendants") show cause as to why this case should not be remanded for lack of subject matter jurisdiction. (Order, ECF No. 26). On July 13, 2016, Defendants filed a Response to the Court's Order. (ECF No. 27). For the reasons stated herein, the Court will remand this case to Clark County District Court.

**I.   BACKGROUND**

This is a trip and fall case. Plaintiff alleges that on February 18, 2014, Linford, "a sales agent for [D.R. Horton]," described to Plaintiff a residential housing community developed by D.R. Horton. (Am. Compl. ¶¶ 12–15, ECF No. 7). Plaintiff further alleges that, although "[Linford] was unable to accompany Plaintiff," Linford "invited Plaintiff to view the 5100 Plan model home" ("Property") located within the community. (*Id.* ¶¶ 16–17). While viewing the Property, Plaintiff alleges that she "tripped and fell over a tightly-strung string, which was not clearly visible, across the property." (*Id.* ¶ 23). Plaintiff alleges that she "was seriously injured and caused to suffer great pains of body and mind, some of which conditions are permanent and disabling . . . in an excess of $10,000" including "disfigurement, shock and agony." (*Id.* ¶¶ 25,

43). In addition, Plaintiff alleges that she "sustained past and future loss of earnings and earning capacity." (*Id.* ¶ 31).

On October 12, 2015, Plaintiff, a Nevada resident, filed a Complaint in the Eighth Judicial District Court of Nevada, alleging two theories of negligence against D.R. Horton. (*See* Compl., Ex. 1 to Pet. for Removal, ECF No. 1-1). D.R. Horton, a Delaware corporation, subsequently removed the case to this Court on the basis of diversity jurisdiction. (*See* Pet. for Removal, ECF No. 1). Plaintiff later amended her original Complaint to add Linford, a Nevada resident, as a defendant. (*See* Am. Compl.).

## II. LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III. DISCUSSION

The Court has original jurisdiction over civil actions: (1) in which the amount in controversy exceeds the sum or value of $75,000; and (2) which are between citizens of different States. 28 U.S.C. § 1332(a). As discussed *infra*, Defendants fail to establish that the amount in controversy exceeds $75,000, and therefore the Court will remand this action. In their Response, Defendants assert that this case satisfies the amount in controversy requirement

because the "natural conclusion" from Plaintiff's alleged injuries "is that it is more likely than not that [Plaintiff] seeks damages in excess of $75,000." (Resp. 4:17, ECF No. 27).  In support of this assertion, Defendants allege that during a telephone call between the parties' counsel "to discuss the case," Plaintiff's counsel "stated that his client's damages were in the six figures." (*Id.* 4:19–25).  However, these imprecise and generalized claims fail to satisfy Defendants' burden to demonstrate that the jurisdictional threshold is met.

While "[a] settlement letter is relevant evidence of the amount in controversy," it must "reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).  Without more, the informal oral representation by Plaintiff's counsel is too vague to allow the Court to determine whether it "reflect[s] a reasonable estimate" of Plaintiff's claim. *See id.*  Further, Plaintiff's representation is not supported by any evidence and, given the context of the telephone conversation, likely amounts to mere puffery.  Because Defendants "cannot establish removal jurisdiction by mere speculation and conjecture," *Ibarra*, 775 F.3d at 1197, and have not overcome the strong presumption against removal, *Gaus*, 980 F.2d at 566, the Court will remand this case.[1]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that this action is remanded to the Clark County District Court.  The Clerk is instructed to close the case.

**DATED** this __14__ day of July, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[1] Because Defendants have failed to carry their burden as to the amount in controversy, the Court need not determine whether complete diversity exists between the parties.